**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3126
_____

SARAH FREEMAN,
                    Appellant

v.

STEVEN HARRIS; SCOTT JANORA;
STATE OF NEW JERSEY DEPARTMENT OF THE TREASURY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-16-cv-02327)
District Judge:  Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2018

Before: VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: March 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Plaintiff Sarah Freeman, proceeding pro se, appeals the District Court's dismissal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of her complaint with prejudice. Freeman alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. For the reasons that follow, we will affirm the District Court's decision.

Freeman is an African-American woman who is employed by the State of New Jersey Department of the Treasury. She took a civil service exam in 2007 and received the second-highest score on a promotional list of eligible employees. In 2008 and 2011, Freeman's employer filled several positions with eligible employees from the list; she was not promoted.[1]

On January 3, 2015, Freeman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on her employer's 2008 and 2011 employment decisions. The EEOC issued Freeman a dismissal and right to sue notice on January 26, 2016. Freeman filed a complaint in April 2016 in the District Court against her employer, as well as Steven Harris, who she labels an "Administrator," and Scott Janora, a "Supervisor." The District Court dismissed her complaint with prejudice on defendants' motion. It determined that Freeman could not sue the individual defendants under Title VII and that she could not pursue her remaining claim against her employer because she had not exhausted her administrative remedies. Freeman timely

---

[1] The factual allegations in Freeman's complaint consist entirely of the following statements: "I passed the Civil Service Exam ranking #2 and everyone on the list received the promotion except for me. He promoted someone (Judy Falchek) provisional while there was a[n] existing list. When I met with Mr[.] Harris to ask why I'm not being considered he said he's not interested in promoting me." See Supp. App'x at 14.

2

appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

The District Court correctly concluded that Freeman cannot pursue claims against Harris or Janora individually because "Congress did not intend to hold individual employees liable under Title VII." See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996).

The District Court also correctly dismissed her Title VII claims against her employer based on her failure to timely exhaust her administrative remedies. A Title VII plaintiff must exhaust her administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5 before filing a federal complaint. As relevant here, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days after the alleged unlawful employment practice if the plaintiff initially instituted proceedings with a state or local agency. See 42 U.S.C. § 2000e-5(e)(1). These time periods "are treated as statutes of limitations." See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

Under either deadline,[2] Freeman's 2015 EEOC complaint was untimely filed several years after her employer's 2008 and 2011 promotion decisions.[3] Freeman has not argued that she is entitled to equitable tolling of the statute of limitations in this case and we can see no basis for it. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("[A] timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) ("[E]quitable tolling of statutes of limitation may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.") (internal quotation mark omitted).

Finally, even if Freeman had properly exhausted her administrative remedies, she

---

[2] Freeman filed a complaint with the New Jersey Division on Civil Rights in 2012 based on her present allegations.

[3] Freeman argues in her appellate documents that the promotional list resulting from the 2007 civil service exam was still active when she filed her federal complaint, making her EEOC charge timely. See Appellant's Br. at ECF p. 5, 91. Even if we could consider these allegations, which do not appear in her complaint, Freeman does not explain the relevance of this list to the timeliness of her filing, as she does not allege that her employer took any adverse employment action against her after 2011. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

has provided no factual allegations to support her race discrimination claim.[4]  At no point in the District Court or on appeal has Freeman explained why she believes her employer's 2008 or 2011 decisions occurred under circumstances that give rise to an inference of unlawful discrimination, as she must to state a prima facie case.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The District Court properly dismissed her complaint with prejudice, as amendment would be futile under these circumstances.  See Fed. R. Civ. P. 15(a)(2); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

---

[4]  Freeman checked off a box on her form complaint indicating that her employer had retaliated against her.  See Supp. App'x at 13.  However, she has never made any factual allegations to support a retaliation claim.  Further, she does not appear to have raised a retaliation claim when she filed her EEOC charge and the District Court did not discuss it.  As Freeman has not actually alleged retaliation, we have not addressed such a claim.